UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**KELLERT SHEPHARD, ET AL**  **CIVIL ACTION**

**VERSUS**  **NO. 20-CV-1229-WBV-MBN**

**INDIAN HARBOR INSURANCE COMPANY, ET AL.**  **SECTION "D"**

## ORDER

Before the Court is Plaintiffs' Motion to Remand.[1] The motion is opposed and plaintiff has filed a reply memorandum.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion to Remand is GRANTED.

On March 17, 2020, Plaintiffs Kellert Shephard and Monika Gayden filed suit in the 24th Judicial District Court against defendants Indian Harbor Insurance Company, Lyft, Inc., and John Doe, allegedly a driver for Lyft, Inc., who was unknown to plaintiffs at the time of the filing of the suit.[3] On April 17, 2020, Defendants Indian Harbor Insurance Company and Lyft, Inc. filed a Notice of Removal in this Court pursuant to 28 U.S.C. §1332 and 1441.[4] Thereafter, on June 4, 2020, Plaintiffs filed a Motion for Leave to File First Supplemental and Amended Complaint naming an additional defendant, the Lyft driver previously identified as John Doe, whose identity had subsequently been provided by defendant in written discovery.[5]

---

[1] R.doc.17.
[2] R.doc.22 and 26.
[3] R.doc. 1-1.
[4] R.doc.1.
[5] R.doc.14.

Plaintiff's Motion to Amend was unopposed by defendants and subsequently granted and the First Supplemental and Amended Complaint was filed.[6] Plaintiffs' First Supplemental and Amended Complaint, adding as an additional defendant the now-known Lyft driver, destroyed diversity jurisdiction.[7] Thereafter, on June 12, 2020, Plaintiffs' filed a Motion to Remand to state court.[8] In that motion, Plaintiffs state that it is undisputed that the parties are not diverse in this matter. Specifically, the Plaintiffs and Defendant driver are all citizens of the State of Louisiana.[9] Defendants oppose the motion, arguing that at the time of removal, the defendants who had been properly joined and served were non-diverse, thus satisfying the requirement of diversity at the time of removal. Defendants did not address Plaintiffs' First Supplemental and Amending Complaint which had already been granted and which destroyed diversity nor do Defendants claim fraudulent joinder. In their reply, plaintiffs cite 28 USC §1447(e) which provides that "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court."[10]

In light of the Court's order of June 12, 2020 granting Plaintiffs' Motion to Amend the Complaint, the parties are no longer diverse and this Court lacks subject matter jurisdiction. As such, the Court must remand the action to the state court.

---

[6] R.doc.15 and 16.
[7] Parties concede that plaintiffs are citizens of Louisiana and the newly added defendant is also a citizen of Louisiana. The court does not find the need to address the issue of whether the jurisdictional amount in controversy has been met.
[8] R.doc.17.
[9] R.doc. 17-1.
[10] Citing *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (2009).

IT IS HEREBY ORDERED that the Motion to Remand is GRANTED and this matter is remanded to 24th Judicial District Court for the Parish of Jefferson for further proceedings.

New Orleans, Louisiana this 31st day of July, 2020.

_____
**WENDY B. VITTER**
**United States District Judge**